UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA PLAINTIFF

v. Criminal No.: 4:16-CR-0004-RGJ

**KYLE WILLIAM RICH** DEFENDANT

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

Defendant Kyle William Rich filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) requesting an eighteen-month reduction in his federal sentence. Rich's primary argument relates to the government's agreement in the Rule 11(c)(1)(C) plea agreement that his federal sentence should run concurrently with the "undischarged portion of any previously imposed sentence in the Commonwealth of Kentucky," and with the terms the Court's judgment directing that the "term of imprisonment imposed herein shall run concurrently with the anticipated sentence of imprisonment the Defendant will serve in Henderson Circuit Court, Case Numbers 04-CR-00355 and 09-CR-00100." Rich asserts that the Kentucky parole board's delay in revoking his parole on the long-pending parole violation detainer, will frustrate the concurrent sentences ordered by Judge McKinley; this, he alleges, constitutes an extraordinary and compelling reason sufficient to warrant relief pursuant to 3582(c)(1)(A).

**FACTUAL AND PROCEDURAL HISTORY**

On May 4, 2015, after receiving information from a confidential informant concerning defendant Rich's methamphetamine-related activities, state and local law enforcement officers executed a search warrant on a hotel room rented to defendant Rich in Henderson, Kentucky. [DN 23, PSR, Page 6-7 of 34]. Inside a locked hotel safe, detectives located a stolen 9 millimeter Kimber handgun and approximately 414 grams of a methamphetamine mixture. [*Id.*]. Later that same day, investigators located Rich driving a 2005 Mercedes and found him to be in possession of over $8,000 in cash and approximately 111 grams of a

methamphetamine mixture. [*Id*.]. Rich, post-*Miranda*, admitted to the recent purchase of 3 pounds of methamphetamine. [*Id*.]. Ultimately, the PSR determined Rich to be responsible for 1,360.9 grams of a methamphetamine mixture. [*Id*.].

Federally, the Grand Jury indicted Rich in January of 2016. [DN 1, Indictment]. Authorities in Brevard County, Florida, arrested Rich in April of 2016, charging him with various state offenses [DN 23, PSR, Page 22, ¶ 59] and, in May of 2016, on Kentucky parole violation warrants [DN 23, PSR, Page 2]. It appears that after service of his Florida state sentence, Rich was taken into federal custody and eventually returned to Kentucky in October of 2016. [DN 23, PSR, Page 2]. It also appears that authorities in Henderson County, Kentucky charged Rich on the same underlying violations in October of 2016 in Case Number 16-CR-00391. [See Govt. Exh.1 - Courtnet printout].

On March 9, 2017, Rich pleaded guilty in Federal court pursuant to a Rule 11(c)(1)(C) plea agreement. [DN 17]. In the plea agreement, the United States agreed that a 180-month sentence of imprisonment, "to run concurrently with the undischarged portion of any previously imposed sentence in the Commonwealth of Kentucky" was the appropriate disposition of the charges. The defendant agreed to forfeit the seized firearm and to "execute an agreement" agreeing to the forfeiture of the Mercedes and cash by the "Commonwealth of Kentucky, the City of Henderson, and/or the Commonwealth's Attorney for Henderson County, Kentucky." [DN 17, ¶ 9].

Judge McKinley later sentenced Rich, on June 13, 2017, to a 180-month term of imprisonment "concurrently with the anticipated sentence of imprisonment the Defendant will serve in Henderson Circuit Court, Case Number 04-CR-00355 and 09-CR-00100." [DN 26, J&C, Page 3]. According to the Courtnet entry, an order of forfeiture was entered on June 21, 2017 in Henderson Case Number 16-CR-00391, with the state indictment being dismissed in September of 2021.

Rich, since his federal sentencing, has been serving the 180-month sentence imposed by Judge McKinley. While serving the federal sentence (at least according to the facts provided by defendant Rich), Kentucky's parole board withdrew the parole violation warrant(s) (based upon allegations of absconding supervision) pending at the time of his sentencing, and issued new parole violation warrant(s) (based upon

his new felony convictions in the federal case). To date, it doesn't appear that Kentucky has actually revoked Rich's parole, likely because he has been in the custody of the Bureau of Prisons since his federal conviction. Thus, there is no imposed sentence hanging over Rich's head awaiting service upon his return to Kentucky's custody; instead, Rich will presumably face a parole revocation hearing upon completion of his federal sentence.

**DEFENDANT RICH'S § 3582(c)(1)(A) CLAIM**

Faced with the prospect of having his parole revocation hearing after release from his federal sentence, and the possibility that Kentucky parole board would frustrate Judge McKinley's order that the federal sentence run concurrently to these anticipated sentences, Rich filed his §3582(c)(1)(A) motion seeking a preemptive 18-month reduction in his federal sentence. Before addressing the merits of Rich's motion, there is a threshold matter to address: is a §3582(c)(1)(A) motion the appropriate vehicle by which to seek such relief? Rich doesn't address whether §3582 is applicable to his or similar situations, focusing instead on establishing that his situation entitles him to relief. There is, however, significant reason to doubt that §3582 is applicable.

Most recently, the Supreme Court of the United States determined that a claim of innocence was not cognizable under § 3582. *Fernandez v. United States*, 608 U.S. 411, 146 S.Ct. 1292 (2026). The Court viewed Fernandez's claims as an end run around 28 U.S.C. § 2255's "procedural and substantive requirements." *Id.* The analysis reviewed prior decisions where prisoners unsuccessfully attempted to use alternative statutes or rules, most notably, *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Gonzalez v. Crosby*, 545 U.S. 524 (2005). *Fernandez*, 146 S.Ct. at 1300-1301. Viewing §3582 and §2255 "in harmony," the Court declined to permit an argument under §3582 that should have instead been brought under §2255. *Id.* at 1302-1303. Further, the Court held that a "reason" (under the extraordinary and compelling standard related to compassionate release) is not "compelling" "if Congress has channeled it thorough the postconviction statutes." *Id.*

Similarly, in *Rutherford v. United States*, the Court held that the non-retroactivity of the First Step Act's amendments to 18 U.S.C. §924(c) stacking of statutory minimum sentences did not entitle a prisoner

to relief under §3582. 608 U.S. 454, 146 S.Ct. 1320. The opinion's analysis directly addresses only the non-retroactivity of the statutory minimums relevant to 924(c). However, the opinion notes that such a claim "would also fall well outside the heartland of compassionate release, which has long been defined by a prisoner's personal circumstances." *Id.* at 1331. The court expressly declined to address this issue further. *Id.*

The Sixth Circuit faced a similar question regarding a compassionate release request based on the non-retroactivity of *United States v. Havis* and that decision's potential effect on the sentencing guidelines. *United States v. McCall*, 56 4th 1048 (6th Cir. 2022) (en banc). The decision, in finding §3582 inapplicable, stated:

> Put another way, a compassionate release petitioner argues that, although his sentence is lawful, other unrelated factors, such as health or age, counsel in favor of early release. A habeas petitioner argues that his sentence is unlawful. Entertaining an argument that implies a sentence is unlawful at the threshold level of a compassionate release analysis blurs these two forms of relief. An it is precisely because, as Judge Moore notes, habeas and compassionate release serve different purposes, that we won't blur these lines in a way that ignores context.

*Id.* at 1058. Ultimately, the Court held that a claim attacking the lawfulness of confinement must be brought via habeas. *Id.*

In light of the above, Rich's claim is best brought by way of a 28 U.S.C. §2241 habeas petition. While true that Rich must also be able to satisfy various procedural and substantive requirements in order to successfully address that claim, any anticipated difficulty or impossibility does not somehow operate to make §3582 a more appropriate vehicle for his claim.

**ANALYSIS OF RICH'S CLAIM UNDER §3582**

18 U.S.C. § 3582(c) permits a court to modify a term of imprisonment only if the defendant "has fully exhausted all administrative rights to appeal a failure by the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The government asserts that Rich has not fully exhausted his administrative rights to appeal BOP's failure to file a motion for compassionate relief on his behalf.

To be sure, Rich filed a request for compassionate release with the warden of his facility. [See Exhibit 5 to defendant's motion]. Rich's request to the warden did not directly argue that the anticipated failure of his federal sentence to run concurrently with his state sentence was an extraordinary and compelling reason justifying compassionate release. Rich argued around the issue to be sure—he discussed "the [p]arole [v]iolation [d]etainer and [i]ts [c]orrosive [e]ffects," exclusion from certain programming and access to time credits, higher security classification, sentencing disparity, as well as presenting a methamphetamine purity argument. Rich never asserted that this issue amounted to an "extraordinary and compelling reason" so that BOP could evaluate it as such. Instead, Rich buried this argument in a section addressing the 3553(a) sentencing factors along with a request to reduce his sentence to time-served. BOP isn't charged, however, with evaluating the 3553(a) factors—that determination rests with the district court assuming there is a threshold showing extraordinary and compelling reasons. Thus, Rich's arguments in his request to the warden did not adequately present this issue for an administrative determination.

The exhaustion requirement is mandatory once invoked by the United States. *See United States v. McClendon*, 2026 WL 37557, at *1 (W.D.Ky., January 6, 2026). *See also United States v. Smith*, 2024 WL 3656187, at *1-2 (W.D.Ky. 2024) (administrative exhaustion not satisfied where arguments presented in request to BOP different than presented in motion to court). The Court should deny Rich's request because he failed to properly exhaust his administrative remedies with BOP.

Even if Rich properly exhausted his administrative remedies, he is not entitled to compassionate release under §3582(c)(1)(A). Though not defined by statue, precedent provides a framework for what constitutes "extraordinary and compelling reasons" warranting a sentence reduction. As noted in *Fernandez*, "extraordinary means most unusual, far from common, and having little or no precedent." 146 S.Ct. at 1302 (internal marks removed]. "Compelling means tending to convince or convert by or as if by forcefulness of evidence." *Id.* [internal marks removed].

To be entitled to relief, Rich's situation must then be "most unusual" and "far from common." But that isn't so. In its essence, Rich's situation is this: he is a federal inmate who has active and unresolved parole violation warrants. This is not an uncommon situation; anecdotally, the undersigned routinely

handles cases in which defendants are facing unresolved warrants for violating probation or parole in another jurisdiction. While this is understandably frustrating to Rich (and likely other similarly situated defendants), it simply isn't uncommon. The delay in a final determination of this potential anticipated sentence, contemplated in Rich's judgment, is an unfortunate by-product of the defendant's commission of crimes in multiple jurisdictions.

Regarding whether this situation meets the definition of compelling, the United States first reiterates (as argued above) that "[a] reason is not compelling if Congress has channeled it through the postconviction statutes." *Fernandez*, 146 S.Ct. at 1303. Moreover, Rich's situation isn't properly classified as compelling because it is unknown what will occur. Rich initially asked BOP for a time-served sentence, but has now amended his request in his motion to an eighteen-month reduction. This is an arbitrary number. Neither Rich, nor the United States, nor the Court can predict with any accuracy what will occur upon Rich's return to the custody of the Commonwealth of Kentucky. Will the parole board violate Rich's parole—maybe. If so, how long will he serve? Eighteen months? Two days? Will he be immediately parole eligible? Might the parole board decide he's served long enough in BOP custody and dismiss the violation warrants? Answers to these questions are, at best, speculative. There is no good reason to think that an eighteen-month reduction is more appropriate or equitable than a three-month reduction, or no reduction at all.

**<u>3553(a) FACTORS</u>**

Regardless to the answers to the questions above, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Armed methamphetamine distribution is an extremely serious offense. And Rich had a large quantity of methamphetamine, making his crime even more so. [DN 23, PSR, ¶¶ 16-26]. Rich also has a lengthy record of convictions for serious crimes both as a juvenile and an adult. [DN 23, PSR, ¶¶ 43-59]. His criminal record resulted in a criminal history score of 18. [DN 23, PSR, ¶¶ 60-62]. And those convictions were serious enough that Rich was determined to be a Career Offender. [DN 23, PSR, ¶ 38]. The 180-month sentence, imposed by Judge McKinley, appropriately accounted for the seriousness of the offense, Rich's individual characteristics, and the need to reflect the seriousness of the offense, provide

an adequate deterrence to criminal conduct, both generally and individually, and the protect the public from further crimes of the defendant. A speculative reduction in this sentence by eighteen-months would undercut the §3553(a) factors.

CONCLUSION

The United States, therefore, respectfully requests that the Court deny Rich's motion for relief pursuant to §3582(c)(1)(A).

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney

*s/ Seth A. Hancock*

Seth A. Hancock
Assistant U.S. Attorney
501 Broadway, Room 29
Paducah, Kentucky 42001
Phone: (270) 443-2899
Email: Seth.Hancock@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and provided a copy to the defendant at the below address by US Mail:

Kyle Rich
Reg. No. 67559-018
FCI Coleman Low
PO Box 1031
Coleman, FL 33521-1031

s/ Seth A. Hancock